UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LILY YU, individually, and on behalf of all others similarly situated, | NO. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY DEMAND** |
| THE CREDIT PROS INTERNATIONAL CORPORATION, a New Jersey corporation, | |
| Defendant. | |

Plaintiff Lily Yu ("Plaintiff Yu" or "Yu") brings this Class Action Complaint and Demand for Jury Trial against Defendant The Credit Pros International Corporation ("Defendant The Credit Pros" or "The Credit Pros") to stop the Defendant from violating the Telephone Consumer Protection Act by making telemarketing calls *without consent* to consumers who registered their phone numbers on the National Do Not Call registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Yu, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1.     Plaintiff Lily Yu is a resident of Boston, Massachusetts.

2.     Defendant Credit Pros is a New Jersey corporation headquartered in Newark, New Jersey. Credit Pros conducts business throughout this District and the United States.

## JURISDICTION AND VENUE

3.     This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4.      This Court has personal jurisdiction over the Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendant is located in this District and the wrongful conduct giving rise to this case was directed from this District.

## INTRODUCTION

5.      As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6.      The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

7.      A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

8.      When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

9.      By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

10.     The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

11.     Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

12.     According to online robocall tracking service "YouMail," 3.3 billion robocalls were placed in June 2020 alone, at a rate of 111.2 million per day. www.robocallindex.com (last visited July 28, 2020).

13.     The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

14.     "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

15.     "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

16.     The Credit Pros offers credit repair solutions to consumers that include credit monitoring and credit improvement.[3]

17.     As part of its business practice, The Credit Pros places solicitation calls and sends solicitation text messages to consumers to advertise its credit repair solutions to consumers.

18.     Unfortunately, these text messages are being sent without express written consent to consumers who are registered on the national do not call registry and who do not have an existing business relationship with Defendant.

19.     For example, in Plaintiff Yu's case, Defendant sent 2 unsolicited text messages to Yu's phone number that is registered on the DNC.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://thecreditpros.com/

20.     There are numerous complaints posted online regarding unsolicited calls and text messages that consumers have received from The Credit Pros including:





•   "Someone from ************ keeps texting me... Says they are from The CreditPros. They have sent 5 texts just today! I have never contacted them. If this is not their business, then they need to contact the number above and let them know to stop texting people saying that they are The Credit Pros. It this is The Credit Pros, STOP HARASSING ME! NO STARS!"[5]



•   "They are spamming my phone with text messages NON STOP. I have never ever ever signed up for their service ever. They send obnoxious long text messages with a different sketchy number every time. When I call, I get a recorded message saying it's the Credit Pros, but any time I get connected with an actual human they pretend they can't hear me and hang up. What the heck? Makes no sense, just phishing for information is what it seems like. I would NEVER EVER use their services if you need credit repair. They are clearly predatory and will likely sell your information."[7]

---

[4] https://www.yelp.com/biz/the-credit-pros-newark
[5] https://www.bbb.org/us/nj/newark/profile/financial-services/the-credit-pros-0221-90055767/customer-reviews
[6] https://www.bbb.org/us/nj/newark/profile/financial-services/the-credit-pros-0221-90055767/complaints
[7] Id.

- "Says to be "Credit Pros", credit report repair company. Kept calling all day, & texting also."[8]
- "Spoofing something local. It finally left a message, concerned about my credit."[9]

21.     In response to these text messages, Plaintiff Yu files this lawsuit seeking injunctive relief requiring the Defendant to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Class and costs.

## PLAINTIFF YU'S ALLEGATIONS

22.     Plaintiff Yu registered her phone number on the DNC on August 11, 2007.

23.     Plaintiff Yu's phone number is not associated with a business and is used for personal use only.

24.     On October 23, 2020 at 10:21 AM, Plaintiff Yu received an unsolicited text message to her phone number from Defendant using phone number 920-781-3373:



25.     920-781-3373 is not in service.

26.     Based on an investigation conducted by Plaintiff's attorneys, when 405-546-4209 is called, an automated system identifies the company as The Credit Pros.

27.     On November 5, 2020 at 2:29 PM, Plaintiff received a 2nd unsolicited text message to her phone number from Defendant, this time using phone number 346-908-4010:

---

[8] https://us.shouldianswer.net/phone-number/7062003761
[9] *Id.*



28.     346-908-4010 is not in service.

29.     When 918-727-2578 is called, an automated system identifies the company as The Credit Pros. When someone presses a button to speak to an agent, that agent identifies the company name as The Credit Pros.

30.     Plaintiff Yu has never provided her phone number to The Credit Pros or any of its related companies.

31.     Plaintiff Yu was not looking to improve her credit score or solicit the services of any credit repair companies.

32.     The unauthorized solicitation text messages that Plaintiff received from The Credit Pros, as alleged herein, have harmed Plaintiff Yu in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of her phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

33.     Seeking redress for these injuries, Plaintiff Yu, on behalf of herself and Class of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited telemarketing calls to telephone numbers that are registered on the DNC.

**CLASS ALLEGATIONS**

34.     Plaintiff Yu brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

**Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of the Defendant) called more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff, and (5) for whom Defendant claims (a) they obtained the person's phone number and/or prior express written consent in the same manner as Defendant claims they supposedly obtained Plaintiff's phone number and/pr prior express written consent.

35.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff Yu anticipates the need to amend the Class definitions following appropriate discovery.

36.     **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

37.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a)     whether Defendant The Credit Pros systematically sent multiple texts to Plaintiff and other consumers whose telephone numbers were registered with the DNC without first obtaining consent to send the texts;

(b)     whether Defendant The Credit Pros' texts to Plaintiff and other consumers were sent for telemarketing purposes;

(c)     whether Defendant's conduct constitutes a violation of the TCPA;

(d)   whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

38.   **Adequate Representation**: Plaintiff Yu will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Yu has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff Yu and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Yu nor her counsel have any interest adverse to the Class.

39.   **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Yu. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the Do Not Registry Class)

40.   Plaintiff Yu repeats and realleges paragraphs 1 through 39 of this Complaint and incorporates them by reference.

41.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

42.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

43.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

44.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

45.     As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

46.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Yu individually and on behalf of the Class, prays for the following relief:

47.     An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff Yu as the representative of the Class; and appointing her attorneys as Class Counsel;

48.     An award of actual and/or statutory damages and costs;

49.     An order declaring that Defendant's actions, as set out above, violate the TCPA;

50.     An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

51.     Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Yu requests a jury trial.

Respectfully Submitted,

LILY YU, individually and on behalf of those similarly situated individuals

Dated: November 11, 2020

*/s/ Stefan Coleman*
Stefan Coleman
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN
1072 Madison Ave, Suite 1
Lakewood, NJ 08701
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman (FL Bar No. 84382)*
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*\* Pro Hac Vice Motion forthcoming*

*Attorneys for Plaintiff and the putative Classes*